UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LANG NATURALS, INC.             :
                                :
v.                              :     C.A. No. 09-026ML
                                :
BISCUITS LECLERC LTEE.          :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Defendant's Motion to Transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (Document No. 13). Plaintiff objects. (Document No. 18). This Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. The parties have not requested argument or hearing on the Motion, and I have determined that neither is necessary to resolve this procedural motion.

**Background**

Plaintiff and Defendant are in the food industry. Plaintiff, a Rhode Island based corporation, develops and sells nutritional foods. Defendant, a Canadian based corporation, manufacturers food products and was a supplier for Plaintiff. In this case, Plaintiff alleges that Defendant breached a promise to provide Plaintiff with volume discounts on its products and also breached certain promises which had induced Plaintiff to agree to transfer its production business from Defendant's Canadian facility to its new U.S. facility in Pennsylvania.

Plaintiff filed this case on January 15, 2009. In its Answer, Defendant alleged "improper venue...because an earlier filed action regarding the same subject matter is pending in the United States District Court for the Middle District of Pennsylvania." (Document No. 4 at p. 3). The Pennsylvania action (Leclerc Foods, USA v. Lang Naturals, Inc., No. 4:08-CV-1854-JFM (M.D. Pa.), was filed on

September 5, 2008 and removed to Federal Court on October 8, 2008. In that action, Defendant's U.S. subsidiary, Leclerc Foods, USA, alleges that Plaintiff failed to pay it in full for certain goods produced, delivered and invoiced in 2007. In its Answer, Plaintiff also alleged improper venue and, in a Joint Case Management Plan (the "Plan") dated December 24, 2008, Plaintiff asserted its "belief" that venue should be transferred to Rhode Island. In that Plan, Plaintiff asserted that it "does not owe the amounts claimed because the invoices do not reflect <u>discounts</u> and credits due to [it]." (emphasis added). Presumably, the same volume discounts which are, in part, the subject of Plaintiff's Complaint in this case. In fact, although the damages sought in the Pennsylvania action are approximately $170,000.00, Plaintiff asserted in the Plan that it is "entitled to discounts and/or credits in excess of $500,000.00." Thus, Plaintiff must be referring to discounts at issue in this case since the alleged discounts greatly exceed the totals due on the invoices sued upon in Pennsylvania. Finally, in the Plan, Plaintiff indicated that it "intends to join" Groupe Biscuits Leclerc, Inc.[1] as an additional party to the Pennsylvania action and to add additional claims of "breach of contract/promissory estoppel." Again, it is reasonable to conclude that these anticipated third-party claims are substantially related to the ones presented in this case.

**Discussion**

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice." "In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." <u>Coady v. Ashcraft & Gerel</u>, 223 F.3d 1, 11 (1st Cir. 2000) (citing <u>Cianbro Corp. v. Curran-Lavoie, Inc.</u>, 814 F.2d 7, 11 (1st Cir. 1987)). "Obvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district

---

[1] This appears to be the same entity which is named as Defendant in this case.

courts: wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996). "Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." Id. (citing West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985)). However, "where the overlap...is less than complete, the judgment is made case by case...[considering] the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Id. See also Nortek, Inc. v. Molnar, 36 F. Supp. 2d 63, 69 (D.R.I. 1999) ("where two suits involve the same issues and truly create duplicate litigation, the first-filed suit is generally preferred.").

Defendant argues that the "first-filed rule" dictates that the present action should be transferred to the Middle District of Pennsylvania because the two cases are substantially similar as to claims and parties. Plaintiff counters that the two cases do not have sufficient similarity to invoke the rule and deprive Plaintiff of its chosen forum. Alternatively, Plaintiff argues that, even if the first-filed rule applies, it is not a steadfast rule mandating transfer, but is an equitable doctrine that can be overcome by a showing that the balance of convenience favors the venue of the second-filed action.

Plaintiff is correct that the first-filed rule is not absolute and subject to exception. See Transcanada Power Mktg, Ltd. v. Narragansett Elec. Co., 402 F. Supp. 2d 343, 347 (D. Mass. 2005) (recognizing exceptions where the party bringing the first-filed action engaged in "misleading conduct" to prevail in a preemptive race to file and where the balance of convenience "substantially favors" the second-filed venue); and Kedia v. Jamal, C.A. No. 06-6054, 2007 WL 1239202 at *3 (D.N.J. April 25, 2007) (first-filed rule is "grounded on equitable principles" and thus "a court is not compelled to

mechanically apply it"). However, I do not agree that these two cases are not sufficiently related to invoke the first-filed rule.

The purpose of the "first-filed rule" is to avoid inefficient and duplicative litigation and the potential for conflicting outcomes. In this case, the interest of judicial efficiency weighs strongly in favor of consolidating these two cases before a single court. A review of the filings to date in both cases makes plain that they arise out of the same business dispute and overlap in terms of both legal claims and requested damages. Plaintiff here alleges that it was denied promised volume discounts and other inducements to agree to relocate its production to a new U.S. facility. In the Pennsylvania action, Defendant's wholly-owned U.S. subsidiary alleges that it has not been paid for goods produced and shipped to Plaintiff. Plaintiff counters in that venue that it does not owe the amounts claimed because it is entitled to "discounts and credits due." If these two cases proceeded independently, there would be duplicative effort and the risk of inconsistent judgments. For instance, Plaintiff's claimed "discounts and credits" could be upheld as an offset in the Pennsylvania action and rejected as an independent breach of contract in this action. It makes no sense to have these substantially related cases litigated in separate forums.

As to application of the "first-filed rule," there is no indication that Defendant engaged in any forum shopping or misleading conduct in filing the Pennsylvania action. Further, although both parties contend that their preferred forum would be more convenient, a balance of the convenience factors does not "substantially favor" either venue. See Transcanada, 402 F. Supp. 2d at 347. These cases involve a business dispute between a Rhode Island-based corporation and a Canadian-based corporation with production facilities in Pennsylvania. Thus, there are relevant witnesses and documents likely present in all three of those locations. Any choice is going to be inconvenient to someone to some degree. Thus, application of the first-filed rule instructs that this case be transferred to the Middle District of

Pennsylvania and consolidated with that first-filed case. Such transfer would directly address the concerns which resulted in development of the rule, i.e., "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." TPM Holdings, 91 F.3d at 4.

**Conclusion**

For the foregoing reasons, I recommend that the District Court GRANT Defendant's Motion to Transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (Document No. 13).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 5, 2009